IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INDIANA INSURANCE COMPANY, as subrogee of Ashtabula Area City Schools, | CASE NO. 1:17-CV-308 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| vs. | |
| THE ILLUMINATING COMPANY, | MEMORANDUM OPINION |
| Defendant. | |

This matter is before the Court upon a Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by Defendant, The Illuminating Company. (ECF #7). Plaintiff, Indiana Insurance Company, (hereafter "Indiana Insurance"), as subrogee of Ashtabula Area City Schools, (hereafter "Ashtabula"), filed a Response (ECF #8) and The Illuminating Company filed a Reply in Support of its Motion to Dismiss (ECF #9). This matter is fully briefed and ripe for review.

For the reasons set forth herein, The Illuminating Company's Motion to Dismiss is GRANTED.

I.  Factual and Procedural Background

On February 15, 2017, Indiana Insurance filed a Complaint against The Illuminating Company. (ECF #1). This Complaint alleges that on May 26, 2016, a power surge event occurred on property owned by Ashtabula which caused damage to its energy system management equipment. The Illuminating Company is a public utility company and was the supplier of

electricity to Ashtabula at the time of the power surge. The Complaint alleges that The Illuminating Company acted negligently by: failing to monitor and routinely test its equipment, ignoring signs that the equipment was failing, failing to warn Ashtabula of the probability of a power surge, and failing to inspect and/or repair the equipment. Pursuant to their insurance policy with Indiana Insurance, Ashtabula filed a claim seeking indemnification and reimbursement for damages resulting from the power surge. Indiana Insurance alleges that it paid $184,400.40 to Ashtabula, and that it is now subrogated to Ashtabula's rights, claims and interests against the Illuminating Company for causing the damages.

II. Legal Analysis

    A.     Standard Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir.2002). Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties - facial or factual challenges. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). "A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *McGuire v. Ameritech Servs.*, 253 F.Supp.2d 988, 993–94 (S.D.Ohio 2003) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). In contrast, a factual challenge "is not a challenge to the sufficiency of the pleading's allegations, but

a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *See FirstMerit Corp. v. Vasi*, No. 1:10 CV 2239, 2010 WL 4340432, at *1 (N.D. Ohio Oct. 27, 2010)(citations omitted).

B. Subject Matter Jurisdiction

The Illuminating Company has presented a factual attack on subject matter jurisdiction in this matter, arguing that the negligence claims presented in Illinois Insurance's Complaint are all service-related, and that the Public Utilities Commission of Ohio (hereinafter "PUCO") has exclusive, initial jurisdiction over service-related issues. (ECF #7, p. 4). This Court agrees with this argument.

The Ohio General Assembly enacted Revised Code Section 4901.01 *et seq.* to regulate the business activities of public utilities, and created PUCO to regulate matters involving public utitilies, such as rates, charges, classifications and service. *See* R.C. § 4905.22; *Corrigan v. Illuminating Co.*, 122 Ohio St.3d 265, 266, 910 N.E.2d 1009 (2009). R.C. § 4905.26 confers exclusive jurisdiction over various matters involving public utilities to the PUCO, effectively denying to all Ohio courts jurisdiction over such matters. *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 351, 810 N.E.2d 953 (2004)(citation omitted). However, courts in Ohio retain jurisdiction over other areas of possible claims against utilities, such as pure tort and contract claims. *See Allstate Ins. Co. v. Cleveland Elec. Illuminating Co.*, 119 Ohio St.3d 301, 302, 893 N.E.2d 824 (2008)(citing *State ex rel. Ohio Edison Co. v. Shaker*, 68 Ohio St.3d 209, 211, 625 N.E.2d 608 (1994)). Therefore, the issue before this Court is whether Indiana Insurance's

claims against The Illuminating Company are service-related or pure common law tort or contract claims.

In *Allstate Ins. Co. v. Cleveland Elec. Illuminating Co.*, 893 N.E.2d 824, 119 Ohio St.3d 301 (2008), the Ohio Supreme Court adopted a two-part test to determine whether PUCO has exclusive jurisdiction over an action against a utility. If the PUCO's expertise is required to resolve the issue in dispute, and, if the act complained of constitutes a practice normally authorized by the utility, then the PUCO retains exclusive jurisdiction. *Id.* at 828.

First, this Court finds that the PUCO's administrative expertise will be required to resolve this matter. To determine the cause of the power surge, it will be necessary to investigate whether The Illuminating Company properly monitored, maintained and tested its equipment. The issue of whether The Illuminating Company complied with industry standards, practices and regulations as it relates to the distribution of electricity will also need to be investigated. The investigation of these issues can be "best accomplished by PUCO with its expert staff technicians familiar with the utility commission provisions." *Miles Mgt. Corp. v. FirstEnergy Corp.*, No. 84197, 2005 WL 730095 (Ohio App. 8th Dist), at ¶ 17 (citation omitted).

Furthermore, these issues are specifically governed by The Illuminating Company's tariffs, which are a utility's governing documents that are filed with PUCO, and if approved, have the effect of law. (See ECF #7-1, pp. 4-5; Ohio Admin. Code § 4901:1-22(01)(B). The Illuminating Company's tariffs provide that it will "endeavor, but does not guarantee, to furnish a continuous supply of electric energy and to maintain voltage and frequency within reasonable limits. The Company shall not be liable for damages which the customer may sustain due to variations in service characteristics or phase reversals." (See ECF #7-1, pp. 4-5).

It has been determined that when a plaintiff's cause of action falls within the parameters of a utility company's tariffs, review by a common pleas court or appellate court would result in usurpation of authority from PUCO and the Ohio Supreme Court. *LaForge v. Cleveland Elec. Illuminating Co.*, 115 Ohio App.3d 740, 741, 686 N.E.2d 311 (11th Dist.1996). Therefore, the expertise required to investigate this matter and determine whether The Illuminating Company adhered to its tariffs falls within the exclusive jurisdiction of PUCO.[1]

Illinois Insurance argues that a fallen tree could now become "the focus of the claim" against The Illuminating Company, and "PUCO's expertise would not be needed to determine the existence of a duty to maintain the tree." (ECF #8, p. 5). However, that argument does not comport with Ohio law. In *Corrigan v. Illuminating Co.*, 122 Ohio St.3d 265, 266 910 N.E.2d 1009 (2009), the Ohio Supreme Court found that The Illuminating Company's decision to remove a tree at issue was governed by its vegetation-management plan, and that such a plan is necessary to maintain reliable electrical service. Therefore, the Court found that decisions regarding vegetation are service-related and fall within the exclusive jurisdiction of PUCO. *Id.* at 270; *see also Mihiylov v. Ohio Edison Co.*, No. 28140, 2017 WL 1051988, (Ohio App. 9th Dist., Mar. 15, 2017)(following the *Corrigan* decision to find that the issue of whether a utility company improperly trimmed trees falls within exclusive jurisdiction of PUCO). Similarly, in this case, the issue of whether The Illuminating Company adhered to its vegetation-management plan is outside of this Court's jurisdiction.

---

[1] Illinois Insurance's argument that these tariffs do not protect The Illuminating Company from claims of willful and wanton misconduct will not be addressed herein as no allegations of such conduct exist in the Complaint. (See ECF #1).

The second prong of the *Allstate* test is also met, as the Complaint alleges negligence relating to The Illuminating Company's distribution of electricity, which is a practice normally authorized by that utility to provide. Many courts in Ohio have found that claims involving damages caused by power surges are service-related and within the exclusive jurisdiction of PUCO. In *Pro Se Commercial Properties v. Illuminating Co.*, No. 92961, 2010 WL 547411 (Ohio Ct. App. 8th Dist., Feb. 18, 2010), the court upheld a dismissal for lack of jurisdiction where two power surges caused damage to property. The Court held that "[w]hen one suffers damages related to events that are purely electrical...the claim is service-related and under PUCO's jurisdiction." *Id.* at *3. In a more recent case, *Flex Tech. v. Am. Elec. Power Co., Inc.*, 41 N.E.3d 174, 2015 Ohio 3456 (Ohio App. 5th Dist., Aug. 21, 2015), the Court affirmed dismissal where a power surge damaged property, finding that "the act complained of constituted a practice normally authorized by the utility." *Id.* at 178. *See also, Valentin v. Edison*, No. 11MA93, 2012 WL 1973586 (Ohio Ct. App. 7th Dist., May 29, 2012)(affirming Rule 12(b)(1) dismissal after a power surge to private residence damaged electronics); *Miles Mgt. Corp.*, 2005 WL 730095, at *4 (plaintiffs' claims that provider negligently supplied electrical services fall under PUCO's jurisdiction); *Heiner v. Cleveland Elec. Illuminating Co.*, No. 95-G-1948, 1996 WL 495092 (Ohio Ct. App. 11th Dist., Aug. 9, 1996)(affirming lower court's Rule 12(b)(1) dismissal because power surge claim constitutes a service-related issue).

Therefore, since the two-part *Allstate* test has been met, this Court finds that the PUCO has exclusive jurisdiction over Illinois Insurance's claims against The Illuminating Company.

III.  Conclusion

For the reasons set forth herein, the Motion to Dismiss filed by The Illuminating Company, ECF #7, is GRANTED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 12, 2017